# IN THE COURT OF APPEALS OF IOWA

No. 15-1565
Filed December 9, 2015

**IN THE INTEREST OF B.S., M.S., AND R.S.,**
**Minor Children,**

**L.G., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Pottawattamie County, Craig M. Dreismeier, District Associate Judge.

A mother appeals the termination of her parental rights to her children. **AFFIRMED.**

Roberta J. Megel of the State Public Defender, Council Bluffs, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Vanessa E. Strazdas of Strazdas Law, Council Bluffs, attorney and guardian ad litem for minor children.

Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**VAITHESWARAN, Judge.**

A mother appeals the termination of her parental rights to her three children, born in 2008, 2012, and 2013. She contends the State failed to prove four of the five grounds for termination cited by the district court. Although we could affirm the termination decision on the unchallenged ground, we elect to address two of the challenged grounds. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999) (stating we may affirm if there is clear and convincing evidence to support any ground cited by the district court).

Our de novo review of the record reveals the following pertinent facts. The Department of Human Services became involved with the mother in 2012, when her second child was born with marijuana in her system. The mother moved to Nebraska and did not participate in services offered by the Iowa department.

The mother apparently returned to Iowa, where she gave birth to a third child with marijuana in her system. The child's grandmother took in the children, mother, and mother's boyfriend. The mother admitted to recent marijuana use and agreed to participate in reunification services. She did not.

In 2014, a department worker fielded a complaint that the mother left her youngest child unattended in a vehicle and used illegal drugs. The child had severe diaper rash. The department sought removal of the children based on the youngest child's health, the mother's drug use, and her homelessness.

The children were removed and placed with their maternal grandmother. The mother later moved into the same home and, with the department's knowledge, helped to care for the children. She failed to undergo regular drug

testing or provide the department with a substance abuse evaluation, as requested.

Towards the end of 2014, the mother assaulted the grandmother. Police were called, and the grandmother asked the mother to leave her home. The mother moved to her boyfriend's home in Nebraska. The department characterized her visits with the children as "sporadic."

At the termination hearing, the mother acknowledged the home she shared with her boyfriend was unsuitable for the children. When asked if the children could be returned to her as of the date of the termination hearing, she responded, "unfortunately, I do not feel like they could be returned to me today because I just started working. I do not have my own place."

The district court terminated the mother's parental rights pursuant to Iowa Code sections 232.116(1)(e), (f), (h), (i), and (*l*) (2015). Paragraphs (f) and (h) require proof of several elements including proof that the children cannot be returned to the mother's custody. The mother essentially admitted these grounds. We affirm the termination of the mother's parental rights pursuant to Iowa code sections 232.116(1)(f) and (h), together with the unchallenged ground, (*l*).

**AFFIRMED.**